### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI,
### GREENVILLE DIVISION

LINDA WILKS     Plaintiff,

v.     CASE NO.   <u>4:21-CV-73-DMB-DAS</u>

BORGWARNER EMISSION SYSTEMS,
LLC, CIGNA HEALTHCARE, Inc. and
JOHN DOES 1, 2 and 3,     Defendants.

### COMPLAINT

COMES NOW, Plaintiff Linda Wilks (hereinafter referred to as "Plaintiff" or Wilks"), by and through her attorney of record, and brings this Complaint against BorgWarner Emission Systems, LLC (hereinafter referred to as "BorgWarner"), Cigna Healthcare, Inc. (hereinafter referred to as "Cigna"), and John Does 1, 2, and 3, and would show unto this Honorable Court the following:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is currently a citizen of the State of Mississippi, and resides at 8850 Highway 51, Oakland, Mississippi 38948, and Plaintiff has resided at said address at all times pertinent herein.

2. Defendant BorgWarner is a Delaware limited liability company authorized to conduct business within the State of Mississippi, and may be served with process by serving its Registered Agent, C.T. Corporation System, at 645 Lakeland Drive East, Suite 101, Flowood, Mississippi 39232.

3. Defendant Cigna is a Vermont corporation conducting business as a foreign corporation in the State of Mississippi, and may be served with process by serving its Registered Agent, C.T. Corporation System, at 645 Lakeland Drive East, Suite 101, Flowood, Mississippi 39232.

4. John Does 1, 2, and 3 are persons or entities not currently known to Plaintiff that may be liable or have obligations to Plaintiff.

5. Plaintiff was employed at BorgWarner's Mississippi location at the address of 600 Highway 32 East, Water Valley, Mississippi 38965 (the "Employment").

6. Venue is proper in this Court because the subject incident and alleged damages are a result of Plaintiff's Employment at Defendant's Mississippi location.

7. Jurisdiction is proper in this Court under 28 U.S.C. § 1331, as the Long-Term Disability Benefits Plan is governed by federal law, and under 28 U.S.C. § 1332, as the amount in controversy is within the Court's jurisdiction and there is complete diversity of citizenship. The amount in controversy exceeds the sum of $75,000.00 (Seventy-Five Thousand and 00/100 Dollars), exclusive of interest and costs.

## II. FACTUAL ALLEGATIONS

8. As an employee, Plaintiff participated in BorgWarner's Long Term Disability Benefits Policy Plan (the "Plan").

9. The Plan, by its admission, is covered by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See*, 29 U.S.C. § 1001 et. seq.

10. Plaintiff accrued and earned Long Term Disability Benefits (the "Benefits") under the Plan.

11. In the alternative or in addition, Plaintiff paid a premium for a supplemental Long Term Disability Benefits Plan, as offered to her as an employee of BorgWarner.

12. The Benefits were fully vested and Plaintiff qualified to receive the Benefits. In the alternative, Plaintiff's Benefits are vested and she is entitled to receive them.

13. Plaintiff requested from Cigna the Benefits due her under the Plan because she was, and remains, disabled as those terms are defined by the Plan. In the alternative, she is entitled to Disability Benefits.

14. In 2018, Cigna denied Ms. Wilks' appeal of her benefit denial (the "Denial"). A copy of the correspondence regarding their denial is attached hereto as **Exhibit A**.

15. Despite Ms. Wilks' request for a copy of the Benefit Plan, Cigna has never produced one.

### III. CAUSES OF ACTION

### Count 1

#### *Breach of Contract/Denial of Benefits*

16. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, Plaintiff incorporates by reference paragraphs No. 1 through 15 as if they were fully stated herein.

17. At all times relevant to this action, Cigna owed Plaintiff the Benefits she accrued, earned, and paid for under the Plan.

18. At no time did Plaintiff waive her rights to her accrued and earned Benefits.

19. Plaintiff is entitled to her accrued and earned Benefits under the Plan.

### Count II

#### *Breach of Fiduciary Duty*

20. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, Plaintiff incorporates by reference paragraphs No. 1 through 19 as if they were fully stated herein.

21. As an ERISA Plan Administrator, Cigna owed Plaintiff a fiduciary duty with regard to Plaintiff's Plan.

22. Under ERISA § 404, Cigna was required to act at all times relevant to this action, solely in the interest of Plaintiff and her beneficiaries and with the exclusive purpose of providing benefits to them.

23. Plaintiff is entitled to her accrued and earned Benefits under the Plan.

#### *Damages*

As a result of the foregoing, and pursuant to ERISA, Plaintiff is entitled to the full amount of her Benefits, all attorneys' fees and costs in this matter, and all other damages which one might reasonably expect under the circumstances.

**WHEREFORE**, all premises considered, Plaintiff Linda Wilks sues Defendants BorgWarner Emission Systems, LLC, and Cigna Healthcare, Inc., jointly and severally, and requests the following relief:

1. That proper process issue and be served upon Defendants and that they be required to answer this Complaint within the time required by law;

2. That Plaintiff be awarded her Benefits, her attorneys' fees, and other expenses and prejudgment interest;

3. That the Court determine all issues;

4. Plaintiff reserves the right to amend and supplement this Complaint as facts are determined and known through the discovery process; and

5. That Plaintiff be awarded all other relief to which she may show herself justly entitled, including injunctive or declaratory relief.

Dated: 6/1/21                                    Respectfully submitted,

RICHARD D. UNDERWOOD, MSB 8533
Harris Shelton Hanover & Walsh, PLLC
6060 Primacy Parkway, Ste 100
Memphis, TN 38119
901.525.1455/901.567.9282 (e-fax)
runderwood@harrisshelton.com
*Attorney for Plaintiff*